UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                             15-cr-778 (PKC)

        -against-

                                                                             ORDER

ALEX RODRIGUEZ,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        Defendant Alex Rodriguez moves for a reduction of sentence for extraordinary and compelling reasons. 18 U.S.C. § 3582(c)(1)(A).[1] His motion will be granted in substantial part.

        Rodriguez pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (June 24, 2016 Plea Tr. (Doc 83).) On June 2, 2017, this Court sentenced Rodriguez to 65 months' imprisonment and four years of supervised release. (June 2, 2017 Sentencing Tr. (Doc 132).) He is scheduled to complete his term of imprisonment on or about January 23, 2022. (Doc 239 at 2.)

        He originally moved for a sentence reduction for extraordinary and compelling reasons on April 20, 2020 (Doc 193) and the Court appointed counsel to represent him on the motion (Doc 198). During the pendency of the motion, the Bureau of Prisons released him to home confinement, and defendant withdrew his motion. (Doc 223.) While on home

---

[1] The government does not dispute that Rodriguez has exhausted his administrative remedies. (Doc 239 at 2.)

confinement, he has been supervised by the Bronx Community Reentry Center ("BCRC") and permission to leave the home to attend medical appointments are cleared by the BCRC.

Rodriguez suffers from multiple severe health conditions. At the time of sentencing, he had stage 3 polycystic kidney disease, asthma, hypertension, sleep apnea, obesity, anemia and gout. His medical conditions have significantly worsened. His kidney functioning has declined to approximately 30% and he has severe and chronic anemia. He requires intravenous iron infusions each week. He was hospitalized on January 11, 2021 for his severe anemia and required an emergency blood transfusion. He also contracted COVID-19 in late February 2021 from which he has recovered.

On August 20, 2021 the Court was advised that a mass was discovered on the underside of the mitral valve of his heart and that he is scheduled for surgery at Mt. Sinai Hospital on August 31 to remove the mass to reduce the danger of an embolism and so that the mass may undergo a pathological examination. (Doc 238.) The Court has been furnished with the examining physician's report. (Doc 238-1.) The surgery is to be conducted by Mt. Sinai's Cardiac Surgeon-in-Chief and will require placing Rodriguez on a heart-lung machine. (Id.)

Managing the approval process for Rodriguez's many medical needs has been a challenge for the staff of the BCRC. Some approvals have been delayed beyond the appointment date. The government helpfully has secured commitments from the BCRC for more expedited considerations of his requests. (Doc 239.)

The First Step Act of 2018 empowers a district court to grant a reduction of sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A). The Court concludes that Rodriguez's serious medical needs measured against the relatively short time remaining on his term of imprisonment amount to extraordinary and compelling reasons for a

sentence reduction.

District courts are permitted "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court]" on a motion under section 3582(c)(1)(A).  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").  An exception to the Court's broad discretion is that rehabilitation alone may not be considered an extraordinary and compelling reason for a sentence reduction.  Id. at 237–38.  The Court must also consider the "factors set forth in section 3553(a) to the extent they are applicable. . . ."  18 U.S.C. § 3582(c)(1)(A).[2]

The Court must also consider the section 3553(a) factors on a defendant's motion for sentence reduction.  Defendant's criminal history, two prior convictions, are not for firearms offenses or crimes involving the use of violence.  At sentencing the government described the defendant as the least culpable of the three charged.  "His role appears to have been, you know, mainly been he was there to transport and then share in the proceeds of the distribution, but he certainly -- there was no evidence to suggest he was, you know, an organizer or a leader or anything of that sort, and that's reflected in the plea disposition the government offered him."  (June 2, 2017 Sentencing Tr. (Doc 132 at 12-13).)

The Court has considered the history and characteristics of the defendant, the seriousness of the offense, and the other section 3553(a) factors and concludes that a reduction of Rodriguez's sentence to time served plus 14 days with all other terms and conditions of his

---

[2] Section 3582(c)(1)(A) also requires consideration of whether a sentence reduction is "consistent with the applicable policy statements issued by the Sentencing Commission."  But the Second Circuit has "held that United States Sentencing Guideline § 1B1.13—the policy statement 'applicable' to compassionate-release motions brought by the Director of the Bureau of Prisons—is not 'applicable' to compassionate-release motions brought by incarcerated defendants."  United States v. Roney, 2020 WL 6387844, at *3 n.1 (2d Cir. Nov. 2, 2020) (citing Brooker, 976 F.3d at 235–36).

sentence, including supervised release and criminal penalties remaining in place, is sufficient, but not greater than necessary, to accomplish the goals of his original sentence. The 14-day period is intended to ease the transition from the present sentence of home confinement supervised by BCRC to supervised release supervised by the Office of Probation which does not include home confinement.  The Clerk is directed to terminate the motion.  (Doc 236.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 30, 2021