# GS GELBER + SANTILLO

November 4, 2022

**VIA ECF**

The Honorable P. Kevin Castel
United States District Court Judge
Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *United States v. Alex Rodriguez*, 15-cr-778

Dear Judge Castel:

I represent Alex Rodriguez in the above-captioned matter and write to respectfully ask the Court to terminate Mr. Rodriguez's term of supervised release early, pursuant to 18 U.S.C. § 3583(e).

Mr. Rodriguez has been on supervised release for approximately 14 months, complied with all conditions of his release without a single infraction, and respectfully requests early termination of his supervised release so that he can more easily travel outside of the jurisdiction. Mr. Rodriguez has had failing kidneys and serious heart problems for several years, and now has stage 4 kidney disease, with his kidneys operating at only 20%. He is currently being evaluated for a potential kidney transplant. *See* Ex. A, Letter from Dr. Victoria Bellot; *see also* Ex. B, Letter from the Kidney Transplant Coordinator at Mount Sinai. For this reason, Mr. Rodriguez would like to travel to the Dominican Republic, where both of his parents reside, to visit them for the holidays in December/ January. In addition, he would like to explore alternative and holistic treatments for his kidney disease while he is in the Dominican Republic. Mr. Rodriguez's probation officer recommended that he apply for early termination of supervised release so that he can travel back and forth to the Dominican Republic more freely to see his parents and to pursue alternative therapies, without having to go through the lengthy process of having to obtain approval to travel abroad for each potential visit.

**A. Procedural History**

On June 2, 2017, this Court sentenced Mr. Rodriguez to 65 months imprisonment for conspiring to distribute heroin, in violation of 21 U.S.C. § 846 and § 841(b)(1)(B). Notably, Mr. Rodriguez's offense did not involve any violence, weapons or firearms. He served approximately 3 years of that sentence at Lewisburg Camp, a minimum security camp adjacent to United States Penitentiary Lewisburg ("USP Lewisburg").

---

Handwritten annotations by the Court:

[Margin annotation pointing to "Re:" line]: termination of the term of supervised release

[Right margin]: Mr. Rodriguez has served more than one year on supervised release. For substantially the same reasons that the Court reduced his sentence under section 3582(c)(1)(A) (serious medical needs and role in the offense), the Court finds that is warranted by the conduct of defendant and the interests of justice. The term of supervised release will terminate 14 days from the date of this Order.

SO ORDERED.
/s/ [signature], USDJ
11-7-22

The Honorable P. Kevin Castel
November 4, 2022

Page 2

On April 20, 2020, Mr. Rodriguez filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) because of the threat of COVID-19 and his significant medical issues. *See* Dkt. No. 193. While that motion was pending before this Court, the BOP granted Mr. Rodriguez's request to serve the remainder of his sentence in home confinement, given his serious medical conditions. *See* Dkt. No. 213.

After his release from USP Lewisburg, Mr. Rodriguez then served approximately 15 additional months under home confinement, and complied with all conditions of his home confinement. In May 2021, Mr. Rodriguez asked this Court to convert the remaining portion of his sentence of home confinement to supervised release because of the difficulties that he had obtaining preapproval for his medical appointments and related hardships that his home confinement was having on his health. *See* Dkt. Nos. 236, 238. In August 2021, this Court granted Mr. Rodriguez's motion in substantial part and effectively converted the remaining five months of Mr. Rodriguez's sentence of home confinement to a period of supervised release. *See* Dkt. No. 240.

At all times during his imprisonment, home confinement, and supervised release, Mr. Rodriguez has been a model prisoner and supervisee.

## B. Mr. Rodriguez's Significant Medical Issues and Request to Travel to the Dominican Republic

Mr. Rodriguez, who is 42 years old, has had numerous significant medical issues for many years. He is currently being treated for stage 4 chronic kidney disease, autosomal dominant polycystic kidney, anemia, and hypertension. *See* Ex. A, Letter from Dr. Victoria Bellot, Mr. Rodriguez's nephrologist. As Dr. Bellot states in her letter, Mr. Rodriguez's current kidney functioning is at 20%. *Id.* Mr. Rodriguez is currently being evaluated for a potential kidney transplant at Mount Sinai. *See* Ex. B, Letter from Kidney Transplant Coordinator at Mount Sinai.

For these reasons, Mr. Rodriguez would like to travel to the Dominican Republic to visit his parents and his other family members in December. He would also like to stay there for several weeks in January and so that he can explore alternative and holistic treatments and therapies for his kidney disease before deciding whether to pursue a kidney transplant. If he decides to pursue any of the alternative and holistic therapies available in the Dominican Republic, he may have to travel there multiples times.

Mr. Rodriguez discussed these issues with his former probation officer, and with his current probation officer, Yvonne Torres. Ms. Torres recommended both to Mr. Rodriguez, and in discussions with undersigned counsel, that instead of seeking approval to travel to the Dominican Republic, which can be a difficult and time consuming process, it would make more sense for him to apply for early termination of supervised release. Ms. Torres indicated that Mr. Rodriguez has been, at all times, in compliance with his conditions of release, that he has progressed to the very lowest level of supervision, and that she has no objections to this application.

The Honorable P. Kevin Castel
November 4, 2022
Page 3

### C. Early Termination of Supervised Release is Appropriate Here Where Mr. Rodriguez Has Demonstrated Exemplary Rehabilitation and There is No Need for Any Further Supervision

After considering the § 3553(a) factors, "[t]he court may ... terminate a term of supervised release ... at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3583(e)(1). We submit that early termination of Mr. Rodriguez's supervised release is in the interests of justice and is warranted here by Mr. Rodriguez's exemplary conduct since his conviction.

Not only was Mr. Rodriguez a model prisoner during his incarceration, but he has remained a model supervisee since his release in May 2020. While at Lewisburg Camp, Mr. Rodriguez was entrusted with an off-campus community service position and worked for a local church organization, Kingdom Kidz, two days each week. The founder and general manager of that organization wrote a letter in support of Mr. Rodriguez that we submitted with one of our earlier applications describing how Mr. Rodriguez did not just fulfill his duties in that position, but he excelled. *See* Dkt. No. 203-3 ("From the first day that he arrived at our facility until his last day (because of the quarantine), Alex was one of the most cooperative and considerate inmates we have had"). Mr. Rodriguez also served as a unit orderly at Lewisburg Camp and completed numerous programs in an effort to better himself, including a certified dog therapy program, CPR certification, a smart money program, and a 40-hour substance abuse program.

Since his release from Lewisburg in May 2020, Mr. Rodriguez has complied with all conditions of home detention and supervision, and never had a disciplinary infraction. Due to his extreme compliance with the rules of home detention, he even missed important medical appointments when his counselor failed to provide him with approval prior to the appointments and he did not want to risk receipt of a disciplinary violation by attending anyway. In addition, under the terms of Mr. Rodriguez's home detention, he was permitted to maintain employment and has been employed since June 2020 at SneakerBar Corporation, a retail shoe store, managing their website and fulfilling their online orders. Mr. Rodriguez's supervisor wrote in support of his May 2021 application that "[h]e has been an extremely hard worker and shows dedication" and that he "is extremely helpful and courteous with customers as well as his fellow employees." Dkt. No. 236-15. The owner of SneakerBar also notes in a more recent letter that Mr. Rodriguez "has become an invaluable part of the team", and that despite his medical conditions, "he never complains and comes into work with a great attitude." Ex. C (10/30/22 Letter from SneakerBar Owner). Mr. Rodriguez also works as a driver, delivering medical supplies for Stryker. *See* Ex. D (Mr. Rodriguez's supervisor at Stryker writing that he is "professional, punctual and reliable.").

Mr. Rodriguez lives with his significant other, Mariel Blandon, whom he has been in a committed relationship with for over 11 years. She is an insurance broker and has been employed with the same company for four and a half years. In short, Mr. Rodriguez lives in a stable home with a supportive partner, is gainfully employed, and has demonstrated that he is committed to living a law-abiding life. Given Mr. Rodriguez's exemplary conduct, early

The Honorable P. Kevin Castel
November 4, 2022 Page 4

termination of supervised release is warranted here. *See, e.g., United States v. Rentas*, 573 F. Supp. 2d 801, 802 (S.D.N.Y. 2008) (granting early termination of supervision where defendant maintained steady employment and complied with all conditions of release). In addition, Mr. Rodriguez poses no safety risks, he has already served a significant term of supervised release, and he has demonstrated that he is fully rehabilitated. *See United States v. Erskine*, No. 05 CR. 1234 (DC), 2021 WL 861270, at *1 (S.D.N.Y. Mar. 8, 2021) ("The § 3553(a) factors require [courts] 'to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency,'" when evaluating a motion for early termination of supervised release).

As detailed above, Mr. Rodriguez seeks early termination of his supervised release primarily so that he can more easily travel abroad to see his family before he is put on the kidney transplant list, and to seek potential alternative treatments for his failing kidneys. Needing to travel is a change is circumstance that many courts have favorably considered in granting early termination. *See, e.g., United States v. Bennett*, No. 11-CR-424 (AMD), 2021 WL 4798827, at *1 (E.D.N.Y. Oct. 14, 2021) (granting early termination where defendant secured employment that would require him to travel out of state as needed).

Given that "[s]upervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation," there is no longer any need for a fully rehabilitated individual such as Mr. Rodriguez to remain on supervised release. *Erskine*, 2021 WL 861270, at *2 (granting early termination of supervised release where defendant was "not only fully compliant with the terms of his supervision but also has taken considerable strides in reintegrating into his community through employment and service to his family"); *United States v. Hutchinson*, No. 97-CR-1146, 2021 WL 6122745, at *1 (E.D.N.Y. Dec. 28, 2021) (noting that that "the primary goal of such a term is to ease the defendant's transition into the community after the service of a long prison term," and granting early termination based on defendant's good conduct and successful reintegration into society). Indeed, even the Sentencing Guidelines encourage courts to terminate an individual's supervised release early in appropriate cases. *See* U.S.S.G. § 5D1.2, App. Note 5 ("The court has authority to terminate … a term of supervised release…. The court is encouraged to exercise this authority in appropriate cases.").

We have conferred with counsel for the Government and Mr. Rodriguez's probation officer regarding this request, and they have both indicated that they do not object to this application.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/ Fern Mechlowitz

Fern Mechlowitz